IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| MARICELA CABRERA | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO._____ |
| | § | JURY DEMANDED |
| | § | |
| COMPANION PROPERTY AND | § | |
| CASUALTY INSURANCE COMPANY | § | |
| Defendant | § | |

## COMPANION PROPERTY AND CASUALTY INSURANCE COMPANY'S NOTICE OF REMOVAL

TO THE HONORABLE COURT:

Pursuant to 28 U.S.C. §§ 1332(a)(1), 1441 and 1446, Defendant Companion Property and Casualty Insurance Company in Cause No. 2014CVF002766-D3, pending in the 341st Judicial District Court, Webb County, Texas, files this Notice of Removal from that court to the United States District Court for the Southern District of Texas, Laredo Division, on the basis of diversity of citizenship and amount in controversy and respectfully shows:

## I.
## FACTUAL BACKGROUND

1.1     On or about December 5, 2014, Plaintiff filed her Original Petition in the matter styled *Maricela Cabrera v. Companion Property and Casualty Insurance Company,* Cause No. 2014CVF002766-D3, pending in the 341st Judicial District Court, Webb County, Texas.  Therein, Plaintiff made a claim for damages to her home at 9613 White Wing Loop, Laredo, Texas 78045, under a homeowner's insurance policy issued

1

by Defendant. Significantly, Defendant Companion Property and Casualty Insurance Company is a foreign entity with its principal place of business in South Carolina.

1.2    Plaintiff served Defendant Companion Property and Casualty Insurance Company with her Original Petition and process on January 8, 2015.

1.3    Simultaneously with filing of this notice of removal, attached hereto as Exhibit "A" is the Index of Matters Being Filed. A copy of the Webb County District Clerk's file for their case is attached as Exhibit "B", which includes true and correct copies of all executed process, pleadings and orders. Attached hereto as Exhibit "C" is the Designation of Counsel. Attached as hereto as Exhibit "D" is Plaintiff's demand letter dated September 18, 2014.

## II.
## BASIS FOR REMOVAL

2.1    Removal is proper based upon diversity of citizenship under 28 U.S.C. §§1332(a)(1), 1441(a), and 1446.

2.2    Plaintiff Maricela Cabrera is, and was at the time the lawsuit was filed, a resident of the State of Texas.

2.3    Defendant Companion Property and Casualty Insurance Company is incorporated, and has its principal place of business, in South Carolina. Accordingly, Companion Property and Casualty Insurance Company is a citizen of the State of South Carolina.

### A. Because Defendant is a Foreign Citizen, there is Complete Diversity in this Case.

2.4    It is undisputed that Plaintiff is a citizen of Texas. *See* Plaintiff's Original Petition, at p. 3, ¶ 3. Because the defendant in this case, Companion Property and

Casualty Insurance Company, is a foreign defendant, there is complete diversity in this case, making removal appropriate.  *See* 28 U.S.C. §§1332(a)(1), 1441(a), and 1446.

2.5    Companion Property and Casualty Insurance Company is incorporated and has its principal place of business, in South Carolina, not Texas.  Accordingly, Companion Property and Casualty Insurance Company is a citizen of the State of South Carolina.

2.6    Because there is complete diversity, removal is proper based upon diversity of citizenship under 28 U.S.C. §§1332(a)(1), 1441(a), and 1446.

### B. The Amount in Controversy Exceeds the Jurisdictional Requirements for Subject Matter Jurisdiction

2.7    Federal courts have subject matter jurisdiction over actions between citizens of different states in which the amount in controversy exceeds $75,000.  28 U.S.C. § 1332(a)(1); *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 882 (5th Cir. 2000).  Generally, an amount in controversy for the purposes of establishing federal jurisdiction is determined by the Plaintiffs' complaint.  *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1411-12 (5th Cir. 1995).  However, the Plaintiffs' written demand letter also constitutes evidence of the amount in controversy.  *Liberty Surplus Ins. Corp. v. Slick Willie's of America*, 2007 WL 1795860 (S.D. Tex. 2007); *see also King v. Ameriprise Fin. Svcs., Inc.*, 2009 WL 1767641, *3-4 (S.D. Tex. 2009); *Cronin v. State Farm Lloyds*, 2008 WL 4649653, *3 (S.D. Tex. 2008) ("The Fifth Circuit has looked to pre-suit demand letters as evidence of the amount in controversy").

2.8    Plaintiff's claims are centered on the alleged failure to pay the full proceeds of her insurance policy necessary to make repairs to her property.  She seeks recovery of actual damages, statutory penalties, attorney's fees, and prejudgment interest.

*See* Plaintiffs' Original Petition, p. 15, ¶¶ 69-70.  Additionally, in a demand letter dated September 18, 2014, Plaintiff seeks damages of $150,000, plus $50,000 in attorney's fees.  *See* Exhibit D.  This clearly demonstrates that the amount in controversy in Plaintiff's case exceeds the jurisdictional requirements.

## III.
## THE REMOVAL IS PROCEDURALLY CORRECT

3.1     Companion Property and Casualty Insurance Company files this notice of removal within the 30-day time period required by 28 U.S.C. § 1446(b).

3.2     Venue is proper in this District and Division under 28 U.S.C. § 1446(a) because this District and Division include the county in which the state action has been pending and because a substantial part of the events giving rise to Plaintiff's claims allegedly occurred in this District and Division.

3.3     Pursuant to 28 U.S.C. § 1446(d), promptly after Companion Property and Casualty Insurance Company files this Notice, written notice of the filing will be given to Plaintiff, the adverse party.

3.4     Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of this Notice of Removal will be filed with the Clerk of the Webb County District Court, promptly after Companion Property and Casualty Insurance Company files this Notice.

## IV.
## CONCLUSION

4.1     Based upon the foregoing, the exhibits submitted in support of this Removal and other documents filed contemporaneously with this Notice of Removal and fully incorporated herein, Defendant Companion Property and Casualty Insurance Company hereby removes this case to this Court for trial and determination.

By:   /s/ Thomas F. Nye

Thomas F. Nye
Attorney-in-charge
State Bar No. 15154025
Southern Dist. No. 7952
717 Everhart Road, Suite A
Corpus Christi, Texas 78411
Telephone: (361) 654-7008
Fax: (361) 654-7001
tnye@gnqlawyers.com

**ATTORNEY FOR DEFENDANT COMPANION PROPERTY AND CASUALTY INSURANCE COMPANY**

*Of counsel:*

GAULT, NYE & QUINTANA, L.L.P.
P.O. Box 5959
Brownsville, Texas 78523
Telephone (956) 544-7110
Fax: (956) 544-0607

William Gault
State Bar No. 07765050
Southern Dist. No.14685
bgault@gnqlawyers.com

GAULT, NYE & QUINTANA, L.L.P.
P.O. Box 4200
Edinburg, Texas, 78540
Telephone: (956) 618-0628
Fax: (956) 618-0670

I. Cecilia Garza
State Bar No. 24041627
Southern Dist. No. 578825
cgarza@gnqlawyers.com

GAULT, NYE & QUINTANA, L.L.P.
717 Everhart Road, Suite A
Corpus Christi, Texas 78411
Telephone: (361) 654-7008
Fax: (361)654-7001

Mikell A. West
State Bar No. 24070832
Southern Dist. No. 1563058
mwest@gnqlawyers.com

### CERTIFICATE OF SERVICE

I certify that on February 6, 2015, a copy of Defendant Companion Property and Casualty Insurance Company's Notice of Removal was *electronically filed* on the CM/ECF system, and will be served on the following attorney in charge for Plaintiff Maricela Cabrera:

*Attorneys for Plaintiff*
Bill L. Voss
Scott G. Hunziker
Chris Schleiffer
The Voss Law Firm, P.C.
The Voss Law Center
26619 Interstate 45 South
The Woodlands, Texas 77380
**Via CM/RRR #7013 2630 0001 3110 9650**

              /s/Thomas F. Nye
              Thomas F. Nye